UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SOUKAINA BENKIRANE,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN FAMILY CONNECT PROPERTY AND CASUALTY INSURANCE COMPANY f/k/a IDS PROPERTY CASUALTY INSURANCE COMPANY f/k/a AMERIPRISE INSRUANCE COMPANY; DOE INDIVIDUALS 1-20 inclusive; and ROE CORPORATIONS 1-20, inclusive,<br><br>    Defendants. | Case No. 2:20-cv-01451-JCM-EJY<br><br>**ORDER** |

    Pending before the Court is Plaintiff's Motion to Strike Defendant's Improper Rebuttal Expert Paul Hamilton. ECF No. 15. The Court has considered Plaintiff's Motion, Defendant's Response (ECF No. 16), and Plaintiff's Reply (ECF No. 18). The Court finds as follows.

**I.    Background**

    Plaintiff Soukaina Benkirane was in a car accident on May 24, 2016. ECF No. 15 at 2. The accident resulted in alleged injuries to Plaintiff's neck and back and an accompanying surgery. *Id.* At the time, Plaintiff had uninsured motorist liability coverage of up to $100,000 with Defendant American Family Connect Property and Casualty Insurance Company. ECF No. 16 at 3. When Plaintiff sought coverage under the policy, Defendant was unpersuaded by Plaintiff's assertions that her claim was worth the $700,000 required to warrant paying Defendant's policy limit. *Id.* Defendant denied Plaintiff's demand for $100,000 under the uninsured motorist coverage provision of the policy. Plaintiff then filed the instant suit alleging Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, Unjust Enrichment, and violations of the Unfair Claims Practices Act. *Id.*

    The parties stipulated to a June 10, 2021 initial expert disclosure deadline with a rebuttal expert disclosure deadline of July 11, 2021. ECF No. 15 at 3. Plaintiff disclosed retained insurance

claims handling practices expert Mark Beckerman ("Beckerman") in support of her extra-contractual claims. *Id.* Beckerman prepared an expert report that was timely disclosed to Defendants. *Id.* Defendant did not disclose an initial expert regarding Plaintiff's extra-contractual bad faith and unjust enrichment claims. *Id.* However, on July 12, 2021, Defendant disclosed rebuttal expert Paul Hamilton ("Hamilton") together with his rebuttal report. *Id.*

Plaintiff argues that Hamilton is not a rebuttal expert but an initial expert who should have been disclosed on June 10, 2021. *Id.* at 4. Plaintiff states Hamilton's report is a "full expert report" containing "general opinions as to Defendants' handling of Plaintiff's Underinsured Motorist claim." *Id.* Plaintiff argues that Defendant had notice of Plaintiff's extra-contractual claims and that the evidence Hamilton's report reviews was disclosed or otherwise available to Defendant "long before the initial expert deadline." *Id.*

Defendant responds that Hamilton's expert report rebuts the testimony of Plaintiff's claims handling expert, Beckerman. ECF No. 16 at 2. Defendant further states that it only intends to call Hamilton as an expert if Plaintiff presents testimony from Beckerman. *Id.* at 9. For this reason, Defendant contends the disclosure of Hamilton as a rebuttal expert was timely. Defendant further argues that Plaintiff's requested sanction—striking Hamilton as an expert—is unduly harsh. *Id.* If Hamilton is indeed an initial expert, as Plaintiff contends, Defendant argues that the error (a month's delay in disclosing the expert) is harmless. Defendant notes that Plaintiff did not request to depose Hamilton after the expert's disclosure despite having the opportunity to do so. *Id.* at 2-3. Failure to do so, Defendant argues, constitutes "self-inflicted" prejudice on Plaintiff in an attempt to increase her chances of winning relief on this Motion. *Id.* at 3.

II.   **Legal Standard**

In order for expert testimony to qualify as rebuttal testimony, it must address or respond to previously disclosed expert testimony. *Amos v. Makita U.S.A., Inc.*, Case No. 2:09-cv-01304-GMN, 2011 WL 43092, at *1 (D. Nev. Jan. 6, 2011). "If the purpose of expert testimony is 'to contradict an expected and anticipated portion of the other party's case-in-chief, then the witness is not a rebuttal witness or anything analogous to one.'" *Id*, *quoting in re Apex Oil Co.*, 958 F.2d 243, 245 (8th Cir.1992). Further, a rebuttal expert report "is not the proper place for presenting new arguments."

2

*Downs v. River City Grp.*, LLC, Case No. 3:11-cv-00885-LRH, 2014 WL 814303, at *2 (D. Nev. Feb. 28, 2014); *R & O Const. Co. v. Rox Pro Intn 'l Group, Ltd.*, Case No. 2:09–cv–01749–LRH–LRL, 2011 WL 2923703, at *2 (D. Nev. July 18, 2011) (rebuttal experts are not allowed to present their own theories, but rather may only contradict the adversary's experts). Federal Rule 37(c)(1) provides that expert testimony illegitimately characterized as "rebuttal" testimony may only be introduced at trial if the error was "harmless" or "substantially justified." *R & O Const. Co.*, 2011 WL 2923703, at *3; Fed. R. Civ. P. 37(c)(1).

**III.    Analysis**

   A.    Portions of Hamilton's Report Are Not Rebuttal.

Plaintiff argues that "Hamilton uses the word 'rebuttal' throughout [his] report in an attempt to make it appear as such," which cannot "automatically" convert affirmative expert testimony into rebuttal testimony. ECF No. 15 at 4. While the Court agrees with this general proposition, Plaintiff failed to attach Beckerman's report to her Motion preventing the Court from comparing Hamilton's opinions to Beckerman's opinions. In any event, after careful analysis, the Court finds Hamilton's report contains legitimate rebuttal testimony attacking some of Beckerman's opinions. Specifically, the Court finds Hamilton's opinions in paragraphs 2, 3, 4, 5, 7, and 9 are proper rebuttal opinions.

In contrast, in paragraph 2 of Hamilton's report he challenges Beckerman's opinion that the claim investigation was flawed as conclusory because Beckerman failed to identify which investigation decisions were not appropriately made. ECF No. 15-6 ¶ 2. Paragraph 3 of the report contains specific facts contradicting Beckerman's allegation that Ameriprise took 44 months to process Plaintiff's claim, which Beckerman labeled an "unreasonable delay." *Id.* ¶ 3. In paragraph 4 of his report, Hamilton contradicts Beckerman's assertion that there was a 30-day deadline for conducting the claim investigation. *Id.* ¶ 4. Hamilton opines that the terms and conditions of the insurance policy contain no such deadline. *Id.* According to Hamilton's interpretation of the policy, payout was only due upon agreement between Ameriprise and Ms. Benkirane as to the amount Ms. Benkirane was entitled to recover. *Id.*

In paragraph 5, Hamilton rebuts Beckerman's opinion that Ameriprise and counsel failed to communicate the factual basis for their claim evaluation. *Id.* ¶ 5. Hamilton opines that the claims

3

file demonstrates Ameriprise provided Ms. Benkirane with a sufficient explanation for the evaluation and recounts the evaluation process to support his opinion. *Id.* Hamilton's opinion in paragraph 5 describes the evaluation process, including the medical evidence and industry customs supporting its evaluation range of $5,000-$25,000, a range Hamilton states was communicated to Ms. Benkirane's attorney along with a "reasonable explanation" for the calculation. *Id.*

In paragraph 7, Hamilton uses specific facts to rebut Beckerman's opinion that Ameriprise "failed to advise Ms. Benkirane" of her coverage. *Id* ¶ 7. Hamilton notes that "within 30 days from the date of the accident Ameriprise had provided Ms. Benkirane with both a copy of her declarations page and a certified copy of her insurance policy" and that Ms. Benkirane's attorney verbally confirmed the policy's limits as documented in the claim file. *Id.* Hamilton's opinion in paragraph 9 responds to Beckerman's use of the insurance concepts of first-party coverage and third-party loss, opining that Beckerman misapplies these concepts. Such statements constitute legitimate rebuttal opinion: because each statement addresses a specific portion of Beckerman's expert report and responds with Hamilton's opinion regarding the "same subjected matter" Beckerman identified. *Makita U.S.A., Inc.*, 2011 WL 43092, at *2, *quoting Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 636 (D. Haw. 2008).

Unlike the above, portions of Hamilton's Report are not properly presented as rebuttal. Paragraph 6 contains no opinion at all. Rather, this paragraph simply states a disagreement with Beckerman's opinion that Ms. Benkirane's injuries entitled her to the highest payout available under the limit. The paragraph then concludes by stating that "Beckerman makes no effort to explain why, if Ms. Benkirane's injury was reasonably valued at in excess of $600,000, Ms. Benkirane actually settled her claim with the adverse carrier for less." ECF No. 15-6 ¶ 6. Hamilton's challenge to a settlement decision is not admissible as an "opinion" let alone to rebut Beckerman. Fed. R. Evid. 408. Had Hamilton opined regarding why a failure to settle may, based on well accepted industry practice regarding claims handling, impact an insurer's valuation of a case that *might* have been appropriate rebuttal, but he did not do so. Indeed, it is worthy considering why Beckerman, who offered this "opinion" in his report, was not challenged by Defendant.

Further, paragraph 1 of Hamilton's report states that "[j]udged against industry custom and practice, the Ameriprise claim professionals diligently pursued an investigation that was reasonably thorough, fair and objective." *Id.* ¶ 1. This is an unsupported conclusion that fails to rebut any opinion offered by the opposing expert. The paragraph continues to list the chronology of facts presented by Defendant without any interpretation or analysis relating to Beckerman's initial expert opinion. Such testimony is contrary to the proposition that "[r]ebuttal experts cannot testify in their parties' case-in-chief." *Makita U.S.A., Inc.*, 2011 WL 43092, at *2.

Finally, paragraphs 8 and 10 of Hamilton's report refer to statements made during settlement negotiations with Defendant in contravention of the Federal Rules of Evidence. Paragraph 8 states, in pertinent part, "Mr. Beckerman opines that Ameriprise's undisputed payment of $5,000 was an unreasonably low offer. Mr. Beckerman opines that as a reserve had been established in the amount of $25,000, that $25,000 was actually the undisputed amount and should have been paid by Ameriprise." ECF No. 15-6 ¶ 8. In paragraph 10, Hamilton opines, "Mr. Beckerman is critical of Ameriprise for making a settlement offer ($5,000) that was unreasonable [sic] low, and 'substantially less than what was reasonably necessary to constitute a prompt, fair and proper response to the UIM tender of claim'" after which Hamilton challenges the validity of this assertion. *Id.* ¶ 10.

Statements relying on settlement offers to establish the strength or weakness of a claim are quintessentially the type of settlement evidence barred by Federal Rule of Evidence 408.[1] *Rhoades v. Avon Prod., Inc.*, 504 F.3d 1151, 1161 (9th Cir. 2007); *Green v. Baca*, 226 F.R.D. 624, 641 (C.D. Cal. 2005) ("Rule 408 clearly prohibits the introduction of evidence of settlement negotiations to prove liability"). Such statements are inadmissible unless the proponent can demonstrate that an exception applies, which is not the case here. *See* Fed. R. Evid. 408(b) ("The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution."); *Rhoades*, 504 F.3d at 1161.

---

[1] Federal Rule of Evidence 408 prohibits "any party" from introducing evidence of a party's "furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise the claim" "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction."

5

In light of the above, the Court finds that Hamilton is not a pure rebuttal expert and portions of his report will be struck.

B.  Harmless error.

Having found portions of Hamilton's report are not offered in rebuttal to Plaintiff's expert, the Court must determine whether these errors and the timeliness of the disclosure are harmless error.[2]  In assessing harmless error, courts consider four factors: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Downs*, 2014 WL 814303, at *6.  "Harmlessness may be established if a disclosure is made sufficiently in advance of the discovery cut-off date to permit the opposing party to conduct discovery and defend against the damages claims." *Frontline Med. Assocs., Inc. v. Coventry Health Care*, 263 F.R.D. 567, 570 (C.D. Cal. 2009).

Defendant disclosed Hamilton's rebuttal expert report on July 12, 2021, the date on which the disclosure of rebuttal experts were due.  ECF No. 14 at 3.  The deadline for disclosing initial experts was June 10, 2021.  *Id.*  While "[t]he rebuttal date is not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information," *Makita*, 2011 WL 43092, at *2, Plaintiff fails to respond to Defendant's argument that the good faith but improper designation of select portions of Hamilton's report as rebuttal opinions was harmless error.  Defendant argues that Plaintiff cannot claim surprise from the disclosure given that Defendant "disclosed Mr. Hamilton and his report on the deadline to disclose rebuttal experts."  ECF No. 16 at 9.  As Defendant notes, Plaintiff had approximately a month after Defendant's rebuttal disclosures to depose Hamilton or otherwise mitigate the prejudice she suffered, for example, by "requesting Mr. Beckerman's preparation of a response to Mr. Hamilton's report."  *Id.*

Plaintiff failed to mitigate any prejudice alleged; therefore, the second factor of the harmless error test weighs in favor of harmlessness.  *Downs*, 2014 WL 814303, at *6.  Similarly, that Plaintiff

---

[2]  Defendant does not attempt to argue that the above disclosure errors were substantially justified; rather, they consistently maintain that "[e]very one of [Hamilton's] opinions is a rebuttal opinion" and that his report "goes no further" than to rebut the statements contained in Beckerman's report.  ECF No. 16 at 8.  An argument for application of the substantial justification exception is therefore waived.  Regardless, the Court finds no substantial justification for the improper disclosure here and confines its analysis in this section to the question of harmless error.

did not "contact counsel for Connect before filing this motion to discuss any form of accommodation," suggests that any prejudice Plaintiff suffered is in part a dilemma of her own making. ECF No 16 at 9. These facts, which Plaintiff does not dispute, suggest an absence of meaningful prejudice for the purposes of the harmless error inquiry. *See*, e.g., *McClean v. State Farm Mut. Auto. Ins. Co.*, Case No. 2:13-cv-00101-LDG-NJK, 2013 WL 12218463, at *2 (D. Nev. Dec. 6, 2013) (finding harmless error where the party claiming prejudice "reviewed [the expert's] report, had an opportunity to evaluate and criticize [the expert's] opinions, and [] knew he was allowed to express any such criticisms of [the expert's] rebuttal in his deposition").

Defendant cannot be expected to cure prejudice of which it is not aware. Given the complexities of delineating between proper and improper rebuttal testimony and Defendant's assertion that the report was produced in good faith, ECF No. 16 at 9, the Court declines to punish Defendant for overreaching in portions of Hamilton's report where the actual harm to Plaintiff is minimal. Because no trial date is set in this case, the third factor also weighs in favor of a harmlessness finding. Finally, as noted above, there is no evidence that Defendant's improper disclosure of Hamilton was a willful violation of the discovery Order as opposed to a minimally egregious failure to ensure all portions of the report conformed to the standard for rebuttal opinions.

C. Sanctions.

Fed. R. Civ. P. 37(c)(1) allows the Court to impose "other appropriate sanctions" where wholesale exclusion of an improperly designated expert is inappropriate. *Makita*, 2011 WL 43092, at *4. When considering sanctions, the Court will consider a five-factor test that analyzes "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the non-offending party; (4) the public policy favoring disposition of cases on their merits; (5) the availability of less drastic sanctions." *Id*. As a general matter, exclusion is not a proper remedy where other lesser sanctions would serve to cure the prejudice. *Id*.

The Court finds exclusion to be an overly harsh sanction in this case. This case does not implicate the broader public interest nor does the untimely disclosure meaningfully effect the Court's docket. As the Court's harmless error discussion indicates, the risk of prejudice to the non-offending

7

party in this case is minimal and can be cured without resorting to exclusion. Because less drastic sanctions are available here, all five factors weigh against striking Hamilton's testimony.[3]

With respect to prejudice to Plaintiff, the Court finds this can be cured now that Plaintiff knows what portions of Hamilton's opinions are not struck. That is, the Court finds Plaintiff is entitled to depose Hamilton with respect to those portions of his opinions the Court finds are proper rebuttal. Such a solution is in line with other courts in the district that have found deposition sufficient to cure the prejudice of improperly disclosed expert witnesses while still allowing the case to be disposed of on its merits. *See, e.g.*, *Monroe v. Davis*, Case No. 2:13-CV-00863-GMN, 2014 WL 3845121, at *9 (D. Nev. Aug. 4, 2014) ("The Court finds that this situation can be 'easily remedied' by opening discovery for the limited purpose of allowing Defendants to depose and rebut Dr. Cash"); *Campbell v. Garcia*, Case No. 3:13-CV-00627-LRH, 2015 WL 995244, at *5 (D. Nev. Mar. 6, 2015).

**IV.    Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Strike Defendant's Improper Rebuttal Expert, Paul Hamilton (ECF No. 15) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that the following portions of the rebuttal expert report issued by Paul Hamilton are struck as improper rebuttal opinion:

ECF No. 15-6 ¶¶ 1 and 6.

IT IS FURTHER ORDERED that the following portions of the rebuttal expert report issued by Paul Hamilton are struck as impermissible evidence of settlement negotiations:

ECF No. 15-6 ¶¶ 8 and 10.

IT IS FURTHER ORDERED that those portions of the report issued by Paul Hamilton, not identified immediately above, are not stuck and may be offered as rebuttal expert opinions.

---

[3] The Court is mindful that striking portions of an expert report without further relief can result in unfairness to the offending party. *See, e.g.*, *TCL Commc'ns Tech. Holdings Ltd. v. Telefonaktenbologet LM Ericsson*, Case No. CV 15-02370 JVS, 2016 WL 7042085, at *9 (C.D. Cal. Aug. 17, 2016). The risk of such an overcorrection is not present here. Only two paragraphs of Hamilton's report are striken in this case, without which Defendant still presents a meaningful rebuttal. Permitting revision would only serve to unnecessarily delay the proceedings and reward Defendant for their failure to comply with the scheduling order. Therefore, the Court declines to allow Defendant the opportunity to revise Hamilton's expert report.

IT IS FURTHER ORDERED that Plaintiff may take the deposition of Paul Hamilton on a mutually convenient date and time; provided, however, that Plaintiff must set such deposition within 15 days of the date of this Order and Mr. Hamilton must make himself available to be deposed within 30 days of the date of this Order.

DATED this 25th day of January, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE